STEVEN M. TINDALL, State Bar No. 187862
ROSHA K. JONES, State Bar No. 279143
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, California 94111
Telephone: (415) 421-1800
Facsimile:  (415) 421-1700

ARTHUR A. NAVARETTE, State Bar No. 159973
Law Offices of Arthur A. Navarette
1625 The Alameda, Suite 700
San Jose, CA 95126
Telephone: (408) 275-9500
Facsimile (408) 275-9131

Attorneys for Individual and Representative
Plaintiff Maria Hernandez

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA HERNANDEZ, Plaintiff on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHILDREN'S CREATIVE LEARNING CENTERS; KNOWLEDGE LEARNING CORPORATION; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV 13-02246 LHK<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] **ORDER GRANTING PLAINTIFF'S REVISED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPLICATION FOR SERVICE AWARD, AND MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:        December 11, 2014<br>Time:        1:30 p.m.<br>Courtroom:   8<br>Judge:       Hon. Lucy H. Koh |

1    This matter came before the Court on December 11, 2014 on Plaintiff's motions for (1)
2 final approval of the Joint Stipulation of Class Action Settlement (the "Settlement") and (2) an
3 award of attorneys' fees and costs, and (3) a class representative service payment.  The Court
4 considered all papers filed in this matter and the oral argument at the hearing on December 11,
5 2014, at which time the parties and all other interested persons were afforded the opportunity to
6 be heard in support of and in opposition to the proposed Settlement and the motions for attorneys'
7 fees, costs, and a service payment.
8    Based on the papers filed with the Court and presentations made to the Court at the
9 hearing, it is hereby ORDERED as follows:

10 **I.    FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

11    1.    The definitions and provisions of the Settlement are hereby incorporated as though
12 fully set forth herein.  For purposes of this Order, capitalized terms used hereafter that are defined
13 in the Settlement shall have the meaning ascribed to them in the Settlement, unless otherwise
14 noted.

15    2.    The Court has jurisdiction over the subject matter of the Settlement with respect to
16 and over all Parties to the Settlement, including all Class Members.

17    3.    To date, no member of the Plaintiff Class has filed any objection to the terms of
18 the Settlement or to either the Motion for Attorneys' Fees and Costs or the Motion for Class
19 Representative Service Payment, and only one Class Member has requested exclusion from the
20 Settlement. The Court finds that the absence of objections and virtual absence of opt-out requests
21 indicate broad support for the Settlement among the Plaintiff Class, which the Court provisionally
22 certified for settlement purposes in its May 16, 2014 Order.

23    4.    The Plaintiff Class includes all current and former employees of Defendants
24 Children's Creative Learning Center, Inc., and Knowledge Universe Education LLC (formerly
25 known as Knowledge Learning Corporation) ("Defendants") who worked as Head Teachers, Co-
26 Teachers, Floater Teachers, Assistant Teachers, and Program Specialists at Defendants' San Jose
27 (Cisco) Facility or Mountain View Facility at any time between August 13, 2008, and May 16,
28 2014 (the date of preliminary approval).  The Court hereby confirms the provisional certification

1  of the Plaintiff Class and certifies it for settlement purposes only under Rule 23(a) and (b)(3).
2  The Plaintiff Class meets the Rule 23(a) elements of numerosity, commonality, typicality, and
3  adequacy, as noted in the Court's order of May 16, 2014. In addition, the Class meets the Rule
4  23(b)(3) requirements for settlement purposes because, in the context of this class action
5  settlement, the issues common to all Class Members predominate over any issues affecting
6  individual Class Members.

7      5.    Following the Court's Preliminary Approval Order, several Class Members
8  contacted the Settlement Administrator, to challenge the dates used to calculate the number of
9  workweeks they worked in covered job positions during the Class Period. A subsequent
10 investigation revealed that the initial list of the members of the Plaintiff Class inadvertently
11 omitted 27 people who were covered by the Class definition and therefore should have been
12 included within the Settlement Class and subject to the Settlement Agreement. It was also
13 discovered that the initial calculation of the workweeks of Plaintiff Class Members inadvertently
14 omitted some weeks that some Class Members had worked during the Class Period. The Parties,
15 therefore, agreed to include in the Settlement the 27 Class Members who should have been
16 included and to re-calculate the number of weeks worked by each Class Member. As a result of
17 these revised calculations, the parties negotiated and agreed to increase the total value of the
18 Settlement by $25,000, from $675,000 to $700,000. Accordingly, Plaintiff negotiated a
19 $700,000, non-reversionary settlement of this litigation on behalf of approximately 233 total
20 Class Members.

21     6.    The Court hereby grants final approval to the Settlement. The Court finds that the
22 Settlement is fair, reasonable, and adequate to the Plaintiff Class, is within the authority of the
23 parties, and is the result of extensive, arm's-length negotiations. Despite the risks Plaintiff faced
24 in obtaining class certification, in succeeding on the merits of Plaintiff's claims, and proving
25 damages caused by any alleged violations by Defendants, the Settlement provides a definite,
26 immediate financial benefit of $700,000, with an average net settlement payment of
27 approximately $2,190 per Plaintiff Class Member for all of the 232 Class Members who have not
28 chosen to opt out of the Settlement. In the course of the litigation, Plaintiff faced risks that she

would not succeed in showing that Defendants had a policy or practice of failing to pay employees for all wages due, including overtime, or failing to provide meal and rest breaks and itemized wage statements.  The Settlement avoids the risks of possible adverse rulings on class certification, liability, and damages on the Class claims.  The proposed Settlement also avoids the delay and uncertainty of class certification, dispositive motions by Defendants, and the uncertainty of trial by providing the Plaintiff Class with significant, definite compensation in a comparatively prompt manner.

7. The Court finds further that the notice plan set forth in the Settlement and preliminarily approved by the Court (and as recently supplemented with an additional notice) was the best notice practicable under the circumstances.

8. As described above, after several members of the Plaintiff Class submitted workweek challenges, the parties realized the need to revise workweek calculations and increased the amount of the Settlement.  Because the newly identified Class Members needed to receive notice and an opportunity to opt out and object, the parties stipulated to a revised "long-form" Class Notice to send to the 27 Class Members who were inadvertently previously excluded and a "short-form" notice to send to the original 206 Class Members identifying the revised settlement amount and new deadline (November 26, 2014) for opting out and objecting.  The long-form notice closely resembled the notice originally sent to the 206 Class Members, but included revised information regarding the settlement amount and revised dates for objecting to or requesting exclusion from the Settlement.  On October 22, 2014, the Court approved both the long-form and short-form notices and set the new deadline to object or opt-out of the Settlement of November 26, 2014.  On October 27, 2014, the Settlement Administrator sent out the long-form notice to the newly-identified Class Members and the short-form notice to the remaining Class Members.  To date, no additional Class Member has requested exclusion, and no Class Member has submitted any objection to the Settlement.

9. Accordingly, the Court finds that the Notice is constitutionally sound and satisfies the requirements of Federal Rule of Civil Procedure 23, and the notice plan, as executed here, was the best notice practicable under the circumstances.

10. Without affecting the finality of this Settlement Order, the Court hereby retains continuing jurisdiction over the following: (a) implementation of the Settlement and distribution of the relief contemplated by the Settlement, until all acts agreed to be performed pursuant to the Settlement have been performed; and (b) all parties to this action and the Plaintiff Class for the purpose of enforcing and administering the Settlement.

11. Pursuant to the Settlement (Section VIII(A)(1) thereof), following this Order, the Settlement Administrator shall establish a Qualified Settlement Fund pursuant to Internal Revenue Service regulations and establish its own employer tax identification number for purposes of making the settlement payments. Per the agreement of the parties, Defendants are directed to forward their payment of the Total Settlement Amount to the Settlement Administrator within three business days of this Order, and the Settlement Administrator is directed to send out settlement payments to Class Members within 6 to 10 business days after the Total Settlement Amount is forwarded to it by Defendants.

12. Neither this Order nor the Settlement constitutes an admission or concession by any of the released parties of any fault, omission, liability, or wrongdoing. This Order is not a finding of the validity or invalidity of any claim in this action or a determination of any wrongdoing by the Defendant. The final approval of the Settlement does not constitute any determination of this Court as to the merits of the claims and defenses of Plaintiff, Defendants, or the Plaintiff Class.

13. The Plaintiff Class Member noted above in paragraph 3 has timely and properly requested exclusion from the Settlement Class. Upon the Effective Date of the Settlement, all other members of the Plaintiff Class will have released all claims set forth in Paragraph X of the Settlement.

14. Under 28 U.S.C.A. § 1715, "An order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under subsection (b)." Defendants served the CAFA notice pursuant to this section on August 12,

2014. As such, an order granting final approval in this case can take effect 90 days after Defendants sent the CAFA notice—that is, any time after November 10, 2014.

## II. THE REQUESTED AWARD OF ATTORNEYS' FEES IS APPROPRIATE

1. Additionally, the Court finds that Plaintiff's requested fee award of 25% of the original total settlement fund of $675,000 (or $168,750) is reasonable under both methods used in this Circuit for determining fee awards in class action cases: the lodestar method and the percentage-of-the-recovery method. Plaintiff's Counsel's efforts have secured a fair and reasonable result for the 233 Class Members—in the form of the non-reversionary $700,000 settlement fund—in light of the substantial risks of no recovery that Plaintiff faced throughout this litigation.

2. Under the common fund doctrine, "'a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'" *In re Immune Response Sec. Litig.,* 497 F. Supp. 2d 1166, 1175 (S.D. Cal. 2007) (quoting *Staton v. Boeing Co.,* 327 F.3d 938, 967 (9th Cir. 2003)); *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980)). Where, as in this case, the plaintiff has created a common fund to settle a class action, courts have discretion to choose either the "percentage" method or the "lodestar/multiplier" method to determine reasonable attorneys' fees. *See Hanlon v. Chrysler Group*, 150 F. 3d 1011, 1029 (9th Cir. 1998); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997). In the Ninth Circuit, regardless of whether a court applies the percentage or lodestar method, courts "'require only that fee awards . . . be reasonable under the circumstances.'" *Id.* (quoting *Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990)); *see Staton*, 327 F.3d at 963.

Courts in this Circuit have held that a "benchmark" of 25% constitutes a reasonable percentage of a common fund for purposes of fee calculation. *Vizcaino,* 290 F.3d at 1047, 1048; *see Six Mexican Workers,* 904 F.2d at 1311; *Morganstein v. Esber*, 768 F. Supp. 725, 728 (C.D. Cal. 1991); *Paul, Johnson,* 886 F.2d at 272 (9th Cir. 1989). In *Knight v. Red Door Salons, Inc.,* 2009 WL 248367 (N.D. Cal. 2009), a judge in this Court stated as follows:

> It is not sufficient to arbitrarily apply a percentage; rather the district court must show why that percentage and the ultimate award are appropriate based on the facts of the case. *Vizcaino,* 290 F.3d at 1048.  The Ninth Circuit has approved a number of factors which may be relevant to the district court's determination: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases. *See id.* at 1048-50.  It is no surprise that these factors are similar to those used in evaluating the adequacy of a settlement.

*Id.* at *5.  Plaintiff's fee request here amounts to slightly less than 25% of the common fund: Plaintiff's request of $168,750 amounts to 24.1% of the $700,000 settlement fund.  Plaintiff's request is appropriate under the circumstances of this case—including the fair and reasonable results obtained for the Class, the financial risks undertaken by Plaintiff's Counsel and the contingent nature of the case, the complexity of the legal and factual issues and the skill required to litigate this case, awards in similar cases, and the favorable reaction of the Class.

   4. Overall, at 24.1% of the common fund, the requested fee is both below the 25% benchmark and well within the range of percentages awarded in similar cases in this Circuit. *See, e.g., In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming fee award equal to 33% of fund); *Garner v. State Farm Ins.,* 2010 WL 1687829 (N.D. Cal. April 22, 2010) (awarding fee of 30% of the $15 million settlement fund); *In re Activision Sec. Litig.*, 723 F. Supp. at 1375 (Patel, J.) (32.8% fee); *Linney v. Cellular Alaska P'ship*, 1997 WL 450064, *7 (N.D. Cal. 1997) (Jensen, J.) (33.3% fee); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *18, n.12 (C.D. Cal Jun. 10, 2005) (C.D. Cal. June 10, 2005) (noting that more than 200 federal cases have awarded fees higher than 30%); *In re Pac. Enters. Sec. Litig.*, 47 F.3d at 379 (affirming award equal to 33% of common fund); *Vizcaino,* 290 F.3d at 1047 (28% fee award); *Brailsford,* 2007 WL 1302978 at * 5 (awarding fee equal to 30% of settlement fund).

   5. The Court finds further that Plaintiff's fee request is also reasonable and appropriate under the lodestar/multiplier method. *See Garner v. State Farm Ins.,* 2010 WL 1687829  at *2 (N.D. Cal. April 22, 2010) (using lodestar-multiplier method to cross-check the reasonableness of a 30% fee request).  Multiplying the number of hours counsel worked by a reasonable hourly rate establishes the lodestar. *Staton,* 327 F.3d at 965.  After examining the time and labor required, the court may apply a multiplier to the lodestar in light of certain factors

(many of which are also relevant to the percentage-of-the-fund analysis and are described above), including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requiste to perform the legal service properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

6.  Plaintiff's Counsel have presented evidence indicating that they have devoted 609.3 hours of time since the case began and that Plaintiff's Counsel's lodestar as of November 10, 2014 is $282,318. Over the course of this case, Plaintiff's Counsel (1) conducted a substantial pre-litigation investigation; (2) drafted and filed the complaint on behalf of Plaintiff in Santa Clara County Superior Court; (3) amended the complaint to assert Plaintiff's claims on behalf of a proposed Class of current and former teachers; (4) obtained substantial discovery regarding class certification, liability, and damages; (5) met and conferred extensively with Defendants' counsel regarding this discovery; (6) reviewed over 11,000 pages of documents related to certification, liability, and damages; (7) appeared at multiple case management conferences; (8) interviewed multiple proposed class members; (9) prepared mediation briefs and attended two mediations; (10) continued to negotiate after each mediation to reach an agreement and detailed settlement terms; (11) consulted with proposed settlement administrators regarding the settlement; (12) successfully moved for preliminary approval; (13) worked with the settlement administrator to respond to inquiries from Class Members; and (14) negotiated for an increase in the settlement amount when the inadvertent exclusion of the additional Class Members was discovered.

7.  The Court also finds that Plaintiff's Counsel's hourly rates are reasonable in light of their experience (as reflected in their declarations and the declarations of their peers), and the rates identified by Plaintiff's Counsel are comparable to other class action employment attorneys in California. Given the quality of the representation provided by Plaintiff's Counsel, the fair and reasonable results obtained in this case on behalf of the Class,

- 7 -

the complexity of the case, and the risk of nonpayment, Plaintiff's Counsel would be entitled to a multiplier of greater than one on its lodestar. Plaintiff's Counsel, however, seek a fee award that is substantially less than their total lodestar amount—they seek a $168,750 fee even though their lodestar is more than $100,000 more than that amount ($282,318). Plaintiff's Counsel, therefore, seeks a fractional multiplier (or "divider") of slightly less than 0.6. Given the circumstances of this case, Plaintiff's Counsel's request is reasonable, and this lodestar/multiplier crosscheck confirms the reasonableness of the fee awarded using the percentage-of-the-fund method described above.

8. The Court notes further that no Class Member has filed any objection to Plaintiff's fee and expenses request, which Plaintiff's Counsel disclosed in the settlement notice sent to Class Members. As such, this Court finds Plaintiff's Counsel's request for fees is reasonable.

### III.   PLAINTIFF'S COUNSEL'S REQUEST FOR REIMBURSEMENT OF OUT-OF-POCKET EXPENSES IS REASONABLE

1. The Court finds further that the request for $5,000 in litigation expenses is reasonable. Although in the fee-and-cost motion, Plaintiff originally sought $10,289.51 in litigation costs, the revised Class Notice identifying the increased litigation costs was not sent to the Class. Plaintiff's Counsel, therefore, seek only $5,000 in costs—the amount of the cost request that was included in the Notice sent to the Class. Plaintiff's Counsel submitted declarations identifying each cost incurred, which appear to be both relevant to the litigation and reasonable in amount. Since the outset of this litigation, Plaintiff's Counsel have incurred unreimbursed costs prosecuting this case on behalf of the Class, including costs for the following: (1) court filing fees; (2) mailing and serving documents; (3) copying documents; (4) mediators' fees, incurred during two days of mediation; (5) travel costs (primarily related to the mediations); and (6) conducting computer research. Plaintiff's Counsel put forward these out-of-pocket costs without assurance that they would be repaid. These litigation expenses were necessary to secure the resolution of this case. The Court grants Plaintiff's request for $5,000 in litigation costs.

## IV. THE REQUESTED CLASS REPRESENTATIVE SERVICE AWARD IS APPROPRIATE

Based upon all papers on file with the Court and the arguments of counsel, the Court finds further that the proposed service payment of $7,500 to Class Representative Maria Hernandez is fair and reasonable, taking into account "'the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s] of workplace retaliation.'" *Staton v. Boeing Co.*, 327 F.3d 938, 977 (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

The Court finds that the service award to Plaintiff Maria Hernandez is fair and reasonable under the *Staton* factors. Ms. Hernandez submitted a detailed declaration describing her contribution to the prosecution and settlement of this case, as well as the amount of time expended in her efforts. She spent approximately 59 hours fulfilling her role as Class Representative since initiating this case in contacting Class Counsel in 2012. Her contributions include each of the following: carefully reviewing drafts of pleadings and other documents (including the initial Complaint and First Amended Complaint); providing input on these key documents before authorizing her attorneys to file them; gathering documents and other potential evidence about Defendants and about her claims to provide to Plaintiff's Counsel for production to Defendants—including documents to support her claims and the names of potential witnesses and proposed Class Members to support Class claims; helping her counsel understand company practices so counsel could formulate proper requests for documents; reviewing documents produced by Defendants that related to her claims; participating in two mediation sessions and the negotiations following these sessions; reviewing the settlement agreement and consulting with Plaintiff's Counsel regarding all settlement terms and providing feedback to her attorneys to ensure that the Settlement submitted to the Court addressed her concerns and protected the Class Members; and regularly calling and emailing her attorneys throughout the duration of this case to stay informed about the litigation.

In light of the record described above, the Court finds that the Class Representative has protected the interests of the Class; the Class has benefitted from the Class Representative's

actions with a monetary settlement of $700,000; and the Class Representative has expended significant time and effort in pursuing this litigation. An award of $7,500 is therefore appropriate.

## V. CONCLUSION

Based on the papers filed with the Court and presentations made to the Court at the hearing, the Court hereby GRANTS Plaintiff's revised motion for final settlement approval, GRANTS Plaintiff's motion for an award of $168,750 in attorneys' fees and $5,000 in litigation costs, and GRANTS Plaintiff's motion for a class representative service payment in the amount of $7,500.

IT IS SO ORDERED.

Dated: December 11, 2014

*Lucy H. Koh*
HON. LUCY KOH
United States District Court Judge